UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID S QUAIR,<br><br>       Plaintiff,<br><br>  v.<br><br>SAN MATEO COUNTY JAIL, et al.,<br><br>       Defendants. | Case No. 19-cv-08463-JD<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

### DISCUSSION

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that his ability to access the courts has been obstructed. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 349-51. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id*. at 351, 354-55.

Plaintiff asserts, in a conclusory fashion, that defendants have obstructed his access to the courts, and he has failed to receive legal mail. Plaintiff provides no other information and fails to identify any specific defendants. The complaint is dismissed with leave to amend to provide more information. Plaintiff must identify named defendants and describe how they hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. General allegations are insufficient.[1]

---

[1] To the extent plaintiff presents other general claims regarding the conditions of his confinement those claims are dismissed as duplicative of *Quair v. Gavin Newsom*, Case No. 19-cv-8421 JD.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

1.　　The complaint is **DISMISSED** with leave to amend.  The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of this case.

2.　　It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 9, 2020

_____
JAMES DONATO
United States District Judge

---

*See Adams v. Cal. Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007).

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID S QUAIR,

                Plaintiff,

    v.

SAN MATEO COUNTY JAIL, et al.,

                Defendants.

Case No. 19-cv-08463-JD

**CERTIFICATE OF SERVICE**

       I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

       That on March 9, 2020, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David S Quair ID: #:BG0478
North Kern State Prison
P.O. Box 5005, D-Facility-B4-117L
Delano, CA 93216-0567

Dated: March 9, 2020

Susan Y. Soong
Clerk, United States District Court

By:_____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO